[No. 2568.   Nov. 9, 1921.]

## OPTIC PUB. CO. v. BOARD OF COM'RS OF SAN MIGUEL COUNTY.

### SYLLABUS BY THE COURT.

1.   Chapter 108, Laws 1909, does not permit the rendition of a judgment against a county for current expenses, where, as here, the complaint shows on its face that the claim on which the judgment is sought has been allowed by the county commissioners, and payment denied or refused because there are no funds for the payment of such claim.          P. 373

2.   Chapter 108, Laws 1909, does not repeal the Bateman Act (Code 1915, §§ 1227 to 1233, inclusive). James v. County Commissioners, 24 N. M. 509, 174 Pac. 1001, followed.
P. 373

Appeal from District Court, San Miguel County; Leahy, Judge.

Action by the Optic Publishing Company against the Board of County Commissioners of the County

of San Miguel.  Judgment for plaintiff, and defendant appeals.  Reversed, with instructions to set aside the judgment.

C. W. G. Ward, of Las Vegas, for appellant.

W. J. Lucas, of East Las Vegas, for appellee.

OPINION OF THE COURT.

RAYNOLDS, C. J.   This is an appeal by the county of San Miguel and board of county commissioners of said county from a judgment against them in favor of the Optic Publishing Company for the sum of $2,343.35, which judgment was rendered by the consent of the assistant district attorney and which, upon motion by the district attorney representing the appellant, the court refused to set aside. The judgment was founded upon a claim for work done and supplies furnished by the appellee for the appellant.  A verified account of the claim was presented to the board of county commissioners and allowed by it on the 8th day of November, 1920, but the account was not paid for the reason that there were no funds out of which it could be paid. Subsequently suit was brought upon this claim.  No process was served, and there is no record that the board of county commissioners consented to the waiver of such process, nor the action of the assistant district attorney in entering his appearance and consent to judgment for the full amount of the claim.   The judgment was rendered on the 17th of November, 1920.   On November 26, 1920, a motion to set it aside was filed by the district attorney on the ground that the assistant district attorney was without power to consent to such judgment and to the relief granted therein under a recent decision of the supreme court, and further that said assistant district attorney acted under a mistake.   This motion was denied.

The appellant seeks a reversal of the ac-

tion of the lower court on the ground that the judgment should have been set aside as it was null and void, and assigns ten errors which may be grouped in the following propositions: (1) That the assistant district attorney was without power or authority to consent to a judgment being given, or to waive the service of process, and that the court was without jurisdiction to render judgment upon such pretended waiver; (2) because the complaint did not state facts sufficient to constitute a cause of action, in that the indebtedness sued on was illegal and void in that the claim was presented during the year 1920, and no cause of action arose until December 31st of that year, because only at that time and subsequent thereto could the current bills for 1920 be paid by the funds of that year; in other words, that the claim upon which judgment was sought was prematurely presented, and no cause of action arose until December 31, 1920; (3) that the court erred in refusing to set aside the judgment for the foregoing reasons.

The motion to set aside the judgment was in the nature of a petition, and was not supported by affidavits, nor verified by the district attorney. It is contended by the appellee it was properly denied for this reason.

[1-2] This case involves the construction of the Bateman Act, found in Code 1915, §§ 1227 to 1233, inclusive, which law is to the general effect that the expenses of a county cannot exceed the current funds of the year for which they are contracted, but that, if they are in excess of the funds for that year, they are to be paid pro rata.

The present case, in our opinion, is controlled by a decision of this court, namely, James v. Board of Commissioners of Socorro County, 24 N. M. 509, 174 Pac. 1001, where it was sought to put into judgment a claim against Socorro county for current

expenses. The answer in that case denied the liability of the county and the allegations of the complaint to the effect that the county had any funds for payment of the plaintiff's claim, and set up, among other things, that the plaintiff was only entitled to his pro rata share of the funds. A demurrer to this answer was filed on the ground that the allegations set up in the answer did not render such indebtedness void, nor in any manner preclude the plaintiff from obtaining judgment against the defendant as prayed for in his complaint. This demurrer was overruled. On appeal this court affirmed the action of the lower court in overruling the demurrer and holding that Laws of 1909, c. 108, did not authorize the rendition of a judgment against a county for current expenses, nor operate as a repeal of the Bateman Act.

In the present case the complaint shows upon its face it was for current expenses of the year 1920, and it alleges the claim was duly allowed by the defendant board of county commissioners of the county of San Miguel on the 8th day of November, 1920, but was not paid for the reason that there were no funds with which the same could be paid.

The appellant by one of his assignments of error attacks the judgment on the jurisdictional ground that the complaint does not state facts sufficient to constitute a cause of action. As has been often decided, the jurisdiction of the court may be challenged at any state of the proceedings. See Michael v. Bush, 6 N. M. 612, 195 Pac. 904; Baca v. Perea, 25 N. M. 442, 184 Pac. 482; Goode et al. v. Loan Co., 16 N. M. 461, 117 Pac. 856. Under James v. County Commissioners, 24 N. M. 509, 174 Pac. 1001, we consider the assignment of error well taken; that is, that the complaint did not state facts sufficient to constitute a cause of action, in that it shows on its face that the claim on which the judgment is sought

was for current expenses, had been allowed by the board of county commissioners, and payment thereof refused for lack of funds with which to pay it. Under such allegations the case of James v. County Commissioners, supra, applies, no cause of action is stated. The judgment therefore should have been set aside.

For the reasons above stated, the cause is reversed, with instructions to set aside the judgment; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate in this decision.