(No. 2569. Nov. 19, 1921.)

## SENA v. BOARD OF COM'RS OF GUADALUPE COUNTY.

### SYLLABUS BY THE COURT.

[1]   The indebtedness incurred by a county for the publication of the delinquent tax list, under Laws 1917, c. 80, sections 1 and 17, and Laws 1919, c. 43, section 3, is within the provisions and limitations of the Bateman Act; i. e., sections 1227 to 1231 inclusive, Code 1915.            P. 462.

[2]   No judgment can be rendered against a county on a claim for current indebtedness arising out of the publication

Sena v. County Com. 27 N. M. 461.

of the delinquent tax list, where such claim has been presented, allowed, and payment thereon refused, or denied, on account of insufficient funds with which to pay it. Optic Publishing Co. v. Board of County Commissioners of San Miguel County, 27 N. M. 371, 202 Pac. 124, followed. P. 462.

Appeal from District Court, Guadalupe County; Leahy, Judge.

Action by Leandro Sena against the Board of County Commissioners of Guadalupe County. Judgment for plaintiff, and defendant appeals. Reversed, with instructions to set aside the judgment and dismiss the complaint.

Chas. W. G. Ward, of East Las Vegas, for appellant.

Charles G. Hedgcock, of East Las Vegas, for appellee.

OPINION OF THE COURT.

RAYNOLDS, C. J. Leandro Sena, publisher of a Guadalupe county newspaper, in 1920 printed partly in English and partly in Spanish the delinquent tax list for the year 1919 for the county of Guadalupe. Subsequently he presented a claim for the amount due for the publication of said delinquent tax list, which was allowed by the county commissioners, but as there were no sufficient funds to pay it, it was not paid. Suit was then brought against the board of county commissioners of Guadalupe county for the sum of $5,607.96, the amount of the claim. Judgment for the full amount was rendered by the district court. From this judgment the board of county commissioners of Guadalupe county appeals to this court.

[1, 2] The appellant assigns four errors, but states in his brief that the sole question to be determined is whether or not the indebtedness in question, an indebtedness incurred for the publication of the delinquent tax list, is within the terms of the

Bateman Act. If so, the indebtedness admittedly
becomes void, except in so far as it can be paid out of
the revenues for the current year, and no judgment
against the county to enforce the payment can be
taken; or, as the matter is stated in another way,
has the Bateman Act been repealed, or so modified
as not to be a limitation on the indebtedness in-
curred in the publication of the delinquent tax list?
Many authorities are cited by counsel on both sides,
but most of them deal with cases construing consti-
tutional provisions, where the statute is in conflict
with the constitutional provisions limiting indebted-
ness. We are not confronted in this case with such
a proposition. We are called upon to construe two
enactments of the Legislature of equal dignity and
force, and to determine whether a statute requir-
ing the publication by the treasurer of the delin-
quent tax list for the county makes the indebted-
ness incurred by the county thereby an exception to
the provisions of the Bateman Act, which declares
void all indebtedness for current expenses in excess
of current funds. The statutes in so far as they
are necessary for the consideration of this case are
as follows:

Section 1227, Cole 1915. "After March 12, 1897, it shall
be unlawful for any board of county commissioners, city
council, town trustees, board of education, board of trustees,
or board of school directors of any school district, for any
purpose whatever to become indebted or contract any debts
of any kind or nature whatsoever during any current year
which, at the end of such current year, is not and cannot
then be paid out of the money actually collected and belong-
ing to that current year, and any and all kind of indebted-
ness for any current year which is not paid and cannot be
paid, as above provided for is hereby declared to be null
and void.  *   *   * "

Section 1230, Code 1915: "The void indebtedness men-
tioned in section 1227 shall remain valid to the extent and
for the sole purpose of receiving any money which may after-
wards be collected and belongs to the current year when
they were contracted, and the collection thereof, when made,
shall be distributed pro rata among the creditors having the
void indebtedness, and in the event all of the valid and void

indebtedness of any current year are paid in full and there is money for that current year remaining the sum shall be converted into the fund for the next succeeding current year."

Section 1, chapter 80, Laws 1917: "Within forty-five days after the first day of June in each year the treasurer and ex-officio collector of each county in the state shall prepare and cause to be published in English and Spanish, once each week for four successive weeks, in some newspaper of general circulation published in the county, or if there be no newspaper published in the county, then in some newspaper published in the state and of general circulation in the county, notice that upon a date herein to be specified, which date shall not be less than twenty days nor more than ninety days from and after the last publication hereinabove provided for, he will apply to the district court within and for such county for judgment against the lands, real estate and personal property upon which taxes are delinquent and unpaid, and for an order to sell same to satisfy such judgment. * * * "

Section 17 of chapter 80, Laws 1917, provides a penalty for an officer failing to perform a duty imposed by the act. In section 3 of chapter 43 of the Session Laws of 1919 the Legislature specifies what notices of tax sales shall contain.

It is insisted by the appellee that section 1, chapter 80, Laws 1917, making it the duty of the treasurer to publish the delinquent tax list under certain penalties, creates a form of indebtedness which is not within the prohibition of section 1227, Code 1915, forbidding a county "for any purpose whatever to become indebted or contract any debts of any kind or nature whatsoever during any current year," etc. The language of section 1227, is very broad and does not make an exception of an indebtedness of this kind. A subsequent section (1229) provides that a preference shall be given to bills contracted for the boarding of prisoners, but there is no other exception nor preference given in the law. Under the language of the statute, if the indebtedness was in excess of the income it was void, and it is made unlawful under a heavy penalty for any of the officers named in the statute to violate any of the provis-

ions of said section. The Bateman Act (Code 1915, Sections 1227 to 1233, inclusive) was originally Laws of 1897, c. 42, Sections 15 to 21, inclusive. At the time of the passage of this act there was in force the law of 1882 (chapter 62, Sections 63 and 64,) being C. L. 1897, Sections 4075 and 4076, providing that delinquent tax notices should be published. No exception to such indebtedness or expense to the county was included with the Bateman Act, supra. Nor do any of the subsequent acts above referred to and quoted herein make any exception as to such indebtedness. If it had been the purpose of the Legislature to make an exception in case of the claims for the publication of the delinquent tax lists, it would have been an easy matter to have done so. In our opinion the law makes no such exception, and the indebtedness of the county incurred for the publication of such delinquent tax lists is no different from any other indebtedness and entitled to no preference.

We have held in James v. County Commissioners, 24 N. M. 509, 174 Pac. 1001, and in a recent decision of this court—No. 2568, Optic Publishing Co. v. Board of County Commissioners of San Miguel County, 27 N. M. 371, 202 Pac. 124, that a judgment cannot be taken against a county for current expenses, where it appears, as in this case and in the two cases cited above, that the claim has been allowed by the county commissioners and has not been paid for the reason that there are insufficient funds for that year with which to pay it. It is sought to distinguish the present case from the ones just cited, on the ground that such indebtedness is an exception, and should not be considered within the purview of the Bateman Act; i. e., section 1227 et seq., Code 1915. As before stated, we are unable to concur in this view.

For the reasons above stated, the judgment of the

lower court in favor of the appellee is reversed, with · instructions to set aside the judgment and dismiss the complaint; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate in this decision.