73 P.2d 329

STATE ex rel. CHESHER v. BEALL, Chief
Tax Com'r, et al.

No. 4281.

Supreme Court of New Mexico.

Nov. 5, 1937.

George L. Reese, Jr., of Carlsbad, and W. H. Patten, of Hobbs, for appellants.

John R. Brand, of Hobbs, and Kiker & Sanchez, of Santa Fé, for appellee.

SADLER, Justice.

The appellant, A. C. Chesher, as relator, sued in the district court of Santa Fé county seeking relief in mandamus to compel a levy to satisfy a judgment against the town of New Hobbs in Lea county. He joined as respondents to his action Byron O. Beall, Donaciano Rodriguez, and John S. Clark, as members of the state tax commission; E. N. Evans, Malcolm Madera, and M. C. Sweatt, as members of the board of county commissioners of Lea county; James M. Murray, Jr., mayor of the town of New Hobbs, and James Robinett, A. G. Swanson, and J. B. Maxwell, as members of the board of trustees of the town of New Hobbs; Mrs. Zaidy Fandy, treasurer of New Hobbs; John Love, as county assessor; and D. C. Berry as county treasurer of Lea county, N. M.

Upon filing of the petition the court ordered, and there was issued, an alternative writ of mandamus commanding the respondents to take appropriate action for budgeting, certifying, and levying a tax for the year 1936 on all taxable property within said town of New Hobbs, sufficient to satisfy the balance due on said judgment, interest, and costs and to pay over the proceeds of the taxes collected under said levy to relator until his judgment was fully satisfied; or, that respondents show cause before the court on a day named why they should not take the action ordered and why said alternative writ should not be made peremptory.

The respondents Beall, Rodriguez, and Clark, composing state tax commission, appeared and filed an answer constituting a written consent that the alternative writ might be made peremptory at any time. The mayor and members of the board of trustees of the town of New Hobbs, hereinabove named, appeared by W. H. Patten, city attorney, secured an extension of time within which to show cause why the alternative writ should not be made peremptory, and thereafter defaulted, taking no further notice of the proceedings.

The remaining respondents, the members of the board of county commissioners, of Lea county, the county assessor, and the county treasurer, all heretofore named, appeared by their attorney and filed a demurrer, as follows:

"(a) In said alternative writ, it is alleged that the relator, A. C. Chesher is the owner and holder of a certain judgment rendered against the town of New Hobbs, New Mexico, and from the copy of said judgment included in said writ, it appears that it was based upon certain certificates of indebtedness executed by the said town of

New Hobbs, bearing interest at the rate of six per cent from the date of January 6, 1931, until paid.

"(b) There is no finding in said judgment that said certificates of indebtedness were not issued for current indebtedness of said town, or that said town misappropriated any funds which it was required to apply in satisfaction of said certificates.

"(c) Under the Statutes of New Mexico in force at the time said certificates were issued, the town of New Hobbs had no authority to issue certificates of indebtedness and constitute the same a charge upon any revenues of said town arising after the current year of 1931, and there was no authority in said town to obligate itself to pay any indebtedness incurred by it in excess of the revenues derived from tax levies for the current year.

"II. That under the Statutes of the State of New Mexico, commonly known as 'The Bateman Act', all indebtedness incurred by the town of New Hobbs in excess of the revenues for the current year in which the indebtedness was incurred is void, except as to delinquent taxes for said year.

"III. That the alternative writ of mandamus shows on its face that the judgment upon which it is sought to require a levy to enforce payment was based upon illegal and unauthorized obligations of the town of New Hobbs insofar as said obligations undertook to bind said town to make payment out of revenues derived from tax levies subsequent to the year in which the indebtedness was incurred."

The matter came on for final hearing upon the alternative writ, answer of the members of the state tax commission, and the demurrer filed on behalf of the board of county commissioners, county assessor, and county treasurer, as aforesaid. The demurrer was argued by counsel for the respective parties and overruled. Apparently the demurrants elected to stand upon the ruling on their demurrer. The record discloses no answer or further pleading filed by them. Thereupon the court proceeded to hear evidence as recited in the order and made a general finding "that petitioner is entitled to issuance of a peremptory writ of mandamus as against the said respondents hereiu named, commanding and directing said respondents and each of them to do as prayed for in petition for alternative writ of mandamus." Issuance of peremptory writ accordingly was ordered. It is from the order directing issuance of same that this appeal is prosecuted by the officials of Lea county above named who filed said demurrer. They will be referred to hei einafter as respondents.

They assign a single error, to wit, that the trial court erred in overruling their demurrer. In arguing said assignment, however, they state the several grounds of the demurrer and insist they are decisive of their claim of error. Reference to said grounds discloses that each in one way or another invokes the Bateman Act. The relator replies that the questions sought to be raised by demurrer should have been raised by answer and that respondents having stood upon the court's ruling on the

demurrer are in the position of having rested their case on a false issue or upon no issue at all. In other words, relator insists that a defense under the Bateman Act (1929 Comp. § 33-4241 et seq.) is a matter for affirmative allegation by way of answer and is not properly presented by demurrer. In this connection reference is made to the statutory direction that pleadings in a mandamus suit shall be limited to the alternative writ and answer. 1929 Comp. § 86-110.

The heart of the demurrer is embraced in paragraph (b) thereof, reading: "(b) There is no finding in said judgment that said certificates of indebtedness were not issued for current indebtedness of said town, or that said town misappropriated any funds which it was required to apply in satisfaction of said certificates."

 If we treat the demurrer as an answer interposing legal objections to issuance of the writ (and such an answer is itself the equivalent of a demurrer, State ex rel. Garcia v. Board of Commissioners, 21 N.M. 632, 157 P. 656), still the question arises whether this ground of demurrer does not attempt to present defensive matter requiring allegations of fact to support the issue. If so, the demurrer was properly overruled.

The purpose and the validity of the Bateman Act have been too often discussed by this court to call for any new declaration upon the subject. Territory ex rel. Adair v. Board of County Commissioners, 12 N.M. 131, 75 P. 38; Johnston v. Board of County Commissioners, 12 N.M. 237, 78 P. 43; James v. Board of Commissioners, 24 N.M. 509, 174 P. 1001; Optic Publishing Co. v. Board of Commissioners, 27 N.M. 371, 202 P. 124; Sena v. Board of Commissioners, 27 N.M. 461, 202 P. 984; Santa Fé Water & Light Co. v. Santa Fé County, 29 N.M. 538, 224 P. 402; Baca v. Board of Commissioners, 30 N.M. 163, 231 P. 637. See, also, Barker v. State ex rel. Napoleon, 39 N.M. 434, 49 P.(2d) 246 and In re Atchison, T. & S. F. Ry. Co.'s Taxes, 41 N.M. 9, 63 P.(2d) 345.

 So far as disclosed by the alternative writ, the indebtedness merged in relator's judgment was created in January, 1931. Judgment was rendered for the amount of said indebtedness (which was evidenced by four certain certificates of indebtedness of the town of New Hobbs) on June 29, 1931, in the sum of $3489.50 with interest at 6 per cent. per annum from January 6, 1931. The mayor and board of trustees of New Hobbs, as recited in the judgment, filed a written stipulation admitting the correctness of all allegations in the complaint in said suit and that said town was indebted to relator in the amount prayed for. Beyond these facts, there was nothing to disclose the nature of the indebtedness. Certainly, it does not affirmatively appear from the writ that the certificates placed in judgment were issued for current indebtedness of said town. If they were, and that fact was to be relied upon in bar of the action, an answer raising the issue should have been filed. It was not incumbent on relator in pleading his judg-

ment to state the cause of action which resulted in its procural.

"Why a plaintiff who sues on a judgment to compel a board to levy a tax should state the cause of action which has resulted in his judgment, is not clear to our apprehension. Since the court did not put its reversal on that ground, we are not compelled to do otherwise than express our want of assent to the proposition. We can quite readily see that there may be a suggestion of legal accuracy in the discussion, and that it may contain the germ of a defensible legal proposition. Where we should differ respects the statement as to the party on whom is properly cast the burden of the plea." People ex rel. Rollins v. Board of Com'rs., 7 Colo.App. 229, 42 P. 1032, 1035.

"Relator's petition alleges that in the settlement evidenced by the decree supra, the municipal authorities, in order to provide funds to meet the bonds and interest as they should fall due, agreed that an annual tax should be levied sufficient for the purpose, and that the town council would annually include such amount in its appropriation ordinance, that the town was insolvent, and that prior recorded judgments were a superior lien upon all its leviable property. In view of these averments of the petition, respondents took the point by demurrer that, for aught appearing, the municipal authorities may have levied taxes to the limit of their authority under the Constitution and law of the state, and the town's entire income may be neces-

sary to meet its legitimate current expenditures for governmental purposes; but this answer to the petition (good, if proved, White v. Decatur, 119 Ala. 476, 23 So. 999; Mayor, etc., of Anniston v. Hurt, 140 Ala. 394, 37 So. 220 [103 Am.St.Rep. 45]) we think should be brought forward in the way of affirmative defense and was not properly presented by demurrer against the petition as framed." J. B. McCrary Co. v. Brunson, Mayor, 204 Ala. 85, 85 So. 396, 397.

We do not question the proposition advanced by respondents that the court may go behind the judgment for the purpose of determining on what account it was rendered. Atchison, T. & S. F. Ry. Co. v. Territory, 11 N.M. 669, 72 P. 14; Territory ex rel. Adair. v. Board of County Commissioners, supra; In re Atchison, T. & S. F. Ry. Co. Taxes, supra. The fault with their position is that, erroneously conceiving the duty to rest upon relator to allege the judgment was not for current expense, they failed to file an answer alleging that it was.

If the complaint upon which relator's judgment was based disclosed an allowed claim for current expense upon which payment was refused for want of funds to pay same, it failed to state a cause of action and no judgment properly could have been rendered thereon. James v. Board of Commissioners, supra; Optic Publishing Co. v. Board of Commissioners, supra. The complaint in said suit does not appear in the alternative writ, only the judgment, but it does appear therefrom that

the claim sued upon was approved by the town of New Hobbs, through its mayor and board of trustees, that its amount was conceded, that it was unpaid, and that judgment for the amount thereof was rendered.

This alone appearing, the trial judge in the mandamus action out of which this appeal arises, mindful of the presumptions of correctness attaching in favor of judgments, may very well have concluded that the district court of Lea county would not have placed relator's claim in judgment at all except upon a showing that it was not for current expense or otherwise within inhibitions of the Bateman Act.

But this is not all that supports the correctness of the trial court's action in ordering peremptory mandamus. It appears from the alternative writ that relator's judgment was originally entered for $3,489.50; that, by virtue of writs of mandamus issued by the district court of Lea county on account of said judgment, payments thereon in the sum of $1,529.40 had previously been made, leaving a balance due on July 6, 1936, of $2,606.94; that said tax levies were no longer in effect and would produce no more funds for application on said judgment.

If the previous special levies produced a sufficient amount to satisfy this judgment and portions thereof were unlawfully diverted to other purposes by town officials, then the Bateman Act would offer no bar to an application for mandamus to compel a new levy. Capital City Bank v. Board of Commissioners, 27 N.M. 541, 203 P. 535; Las Vegas Independent Publishing Co. v. Board of County Commissioners, 35 N. M. 486, 1 P.(2d) 564. Whether there was evidence adduced before the trial court in the mandamus action that such unlawful diversion occurred, we do not know. The evidence is not before us. But that evidence was heard is declared by the court in its order. It reads: "* * * and the Court having heard the argument of the Counsel of said demurrer, and having overruled the same in all matters and things by said demurrer raised, and the evidence having been introduced, and the Court being advised in the premises, finds that petitioner herein is entitled to issuance of a peremptory writ of mandamus as against the respondents herein named, commanding and directing said respondents and each of them to do as prayed for in petition for alternative writ of mandamus."

In such circumstances, it must be presumed in support of the judgment rendered that "the judge * * * was given evidence to support the judgment he rendered." In re Blatt, 41 N.M. 269, 67 P.(2d) 293, 304, 110 A.L.R. 656. See, also, In re Atchison, T. & S. F. Ry. Co.'s Taxes, 41 N.M. 9, 63 P.(2d) 345.

Finding no error, the judgment appealed from must be affirmed.

It is so ordered.

HUDSPETH, C. J., and BICKLEY, BRICE, and ZINN, JJ., concur.