107 P.2d 121

## TAYLOR v. BOARD OF COM'RS OF UNION COUNTY.

No. 4553.

Supreme Court of New Mexico.

Sept. 18, 1940.

Rehearing Denied Nov. 26, 1940.

Verdan A. Doggett and John B. Tittmann, both of Raton, for appellant.

D. A. Paddock, of Clayton, for appellee.

ZINN, Justice.

The appellee filed a claim with the Board of County Commissioners of Union County for $750, asserted to be due him for back salary as deputy county clerk of Union County. This claim was disallowed, and an appeal was taken to the district court of that county, as authorized by Sec. 33-4238, Sts. 1929, wherein the order of said Board was reversed and judgment entered for the appellee (claimant) for the amount claimed, from which this appeal was prosecuted.

Appellee alleged in substance:

On July 31, 1933, appellee was the duly appointed, qualified and acting deputy county clerk of Union County, New Mexico, at a salary of $125 per month. During the month of June, 1933, it was determined by the appellant Board that there would not be sufficient money collected from taxes to pay the salaries of the county officials in full for that year, and thereupon said Board "demanded and enforced a reduction in salaries of the deputy county officers", including appellee, whose salary, "over his objection and against his consent" was reduced from $125 to $100 per month, amounting during his term to a reduction of $750.

That during his term of office there was budgeted $1,500 each year to cover his salary. That since said date there has been collected for each of the respective years sufficient funds from delinquent taxes to pay the arrears in salary of all officers whose salaries had been so arbitrarily reduced.

The appellant answered, and to its answer the trial court sustained a demurrer; and the question is whether the answer states a defense to the claim. The specific questions raised by the demurrer will be sufficiently stated in the opinion.

The County of Union, during the time material to a decision of this case, was a county of the second class, and salaries for the county clerk and his deputies were provided for by law, as follows:

"Upon the basis of the foregoing classification, the annual salaries of the county officers in the several counties of the state, for the terms for which such officers were elected, are hereby fixed as follows: * * *

"Counties of the Second Class. * * * County Clerk, Twenty-two hundred dollars, and fifteen hundred dollars additional for a deputy or deputies." Sec. 33-3202, N. M. Sts. 1929.

■ The county clerk employed the appellee as deputy at a salary of $125 per month. The statute makes provision for the payment of that amount. The appellee charges that appellant "demanded and enforced" the reduction in his "salary," and this is answered by the statement: "defendant admits * * * it suggested a reduction in the salary of the plaintiff * * * and alleges that said reduction was put into effect with the consent and assistance of Howard Brosier, the then duly elected, qualified and acting County Clerk of Union County * * *" This does not meet the charge that it "demanded and enforced" the reduction in salary, and that is taken as admitted. We know of no authority in the Board of County Commissioners to "demand and enforce" a reduction in the salary of appellee, though done with the "consent and assistance" of the clerk. The effect is that appellant made the reduction and enforced it.

■ The wording of the statute authorizes the county clerk to employ a deputy or deputies, and it is contemplated that he will do so, and use the funds provided for such purpose, in the interest of efficiency in caring for the public business. The county clerk may use the funds to employ one or more deputies, but his discretion goes no further. See L. 1933, C. 168 (§ 33-3214, 1938 Supplement). The appellant was not authorized to change appellee's salary, except as hereinafter stated.

■ The legislature adopted as a policy, by enacting Ch. 42, N. M. L. 1897 (known as the Bateman Act), that counties and other municipalities should be compelled to limit their expenses to their respective incomes and that debts in excess thereof should be void, except for the purpose of entitling the creditor to his pro rata of monies coming from delinquent taxes for the particular year in which the indebtedness was incurred. It was provided by that act that the salaries of officers of the counties and other municipalities should be reduced pro rata in the event and to the extent that there was insufficient money collected during the current year with which to pay their salaries as provided by law. And that the unpaid portion should be void.

Also:

"In the event that there is an insufficient amount of money collected during any current year with which to pay for the services, fees, and salaries of the several officers mentioned in section 1228 (33-4242) then and in that event the said officers and all creditors shall receive in full payment of their respective claims each his pro rata share of the money collected, * * *." Sec. 33-4243, N. M. Sts. 1929.

"The void indebtedness mentioned in section 1227 (33-4241) shall remain valid to the extent and for the sole purpose of receiving any money which may afterwards be collected and belongs to the current year when they were contracted, and the collection thereof, when made, shall be distributed pro rata among the creditors having the void indebtedness, and in the event

all of the valid and void indebtedness of any current year are paid in full and there is money for that current year remaining the sum shall be converted into the fund for the next succeeding current year." Sec. 33-4244, N. M. Sts. 1929.

Provision is made by Ch. 16, N. M. L. 1919 (33-3220 et seq.), for the establishment of a salary fund, out of which salaries of county officers are paid, but it did not repeal that part of Sec. 15 of Ch. 12, N. M. L. 1915 (§ 33-3215), which provided that if at any time the salary fund be insufficient to pay the salaries and expenses provided for to be paid therefrom that the deficiency should be paid from the current expense fund, thereafter to be reimbursed as funds should be available in the salary fund. Baca v. Board of County Com'rs, 30 N.M. 163, 231 P. 637.

 The Board of County Commissioners reduced the salaries of the deputies of the various officials when it was confronted with a shortage of funds, instead of resorting to the current expense fund or pro rating the funds available as the statutes required in case the current expense fund was insufficient.

We need not decide whether a deputy county clerk is an officer in the constitutional sense so that his remuneration could not be changed during his term of office. The Bateman Act applies to officers and creditors alike, and the available salary fund should have been apportioned pro rata among all as the law directs if, when supplemented by the current expense fund, there was a deficiency.

It appears from allegations in the complaint not properly denied (49 C. J. 268, § 334, and cases under notes 18 and 19) that there are sufficient funds on hand collected from delinquent taxes to satisfy all claims payable therefrom for the respective years during which appellee's salary was attempted to be reduced by appellant from which he is entitled to be paid. Sec. 32-4244, Sts. 1929, supra.

The judgment of the district court should be affirmed.

It is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.