[No. 1003.   January 6, 1904.]

TERRITORY OF NEW MEXICO, ex rel., W. M. ADAIR et al., Relators and Appellees, v. BOARD OF COUNTY COMMISSIONERS, Taos County et al., Respondents and Appellants.

SYLLABUS.

Judgment on appeal from disallowance by board of county commissioners of a claim of a county officer for fees, services perquisities, can only be satisfied out of taxes collected for the year the indebtedness accrued.

Appeal from the district court of Taos county, before JOHN R. McFIE, Associate Justice.   Reversed and appeal dismissed.

E. C. ABBOTT, for appellants; EDWARD L. BARTLETT of counsel.

The argument contained in this brief is based entirely upon the language of the statute under consideration and no other authorities are cited except

Territory of New Mexico ex rel. Bursum v. Marcelino Garcia, 10 N. M. 43.

The statute referred to is the provision commonly known as the Bateman Law, the same being section 303 of the Compiled Laws of 1897, and is as follows:

"In the event any claimant, during any current year, should appeal from the board of county commissioners, as now provided by law, from the amount allowed him by said board, the commissioners in making their quarterly payments as above provided for shall estimate and allow such claimant the amount allowed him, and in the event the court should allow such claimant a larger sum than was allowed him by the board of county commissioners, the amount so allowed by the court shall be considered and paid as above provided for at the next quarterly settlement after such decision of the court."

There are no authorities that can be cited upon the direct question of the construction of this provision of the Statute in question in this case. It seems to be a Statute peculiar to New Mexico and especially designed to meet the conditions existing in several of the counties. It has never been construed by the Supreme Court, and does not seem to be taken from any other state.

Words and phrases shall be construed according to the context and the approved usage of language.

Sec. 290, Compiled Laws 1897.

R. C. GORTNER for appellees.

The Statute governing appeals from the county boards to the district court is:

Sec. 671-2, Compiled Laws 1897.

The prorating required by this law is amongst creditors, not claimants. A claimant is the holder of a claim, and a "claim" does not mean that which is due of right and could be maintained as such. It means no more than something which was asked for, or asserted to be due, for which a pretense was set up.

People v. Fields 58 N. Y. 491; Any Law Dictionary.

OPINION.

BAKER, J.—This cause comes here on appeal from the district court of Taos county.

Higinio Romero was the sheriff of Taos county during the years 1899 and 1900, and as such officer rendered an account against said county for salary for jailor for fifteen months, from January 1, 1899 to April 1, 1900, at $50 a month, amounting to $750; also an account against said county for salary as guard at jail, from January, 1899 to April, 1900, at $40 a month, amounting to $600, upon which last amount was credited the sum of $75; both of which said accounts were disapproved by the board of county commissioners of said county on the second day of July, 1900. From the action of said board in disallowing said accounts, Romero appealed to the district court, and in December, 1901, judgment was rendered upon said appeal in favor of said Romero for $1220.40, which judgment was afterwards reduced to $905.40. Said judgment in favor of Romero recites: "It is however further considered, ordered and adjudged that the payment be and the same is subject to the terms and conditions of the statute of this Territory commonly known as the 'Bateman Law' and the laws amendatory thereof, and the satisfaction thereof shall be prorateably according to the percentage available to be paid upon the other general indebtedness of the said county of Taos for the several quarters of the year involved between the first day of January, 1899 and the first day of April, 1900." There were a large number of claims against the said county for the years 1899 and 1900 remaining unpaid at the close of said years owing to a lack of funds. During the year 1901 there were collected delinquent taxes for the years 1898 to 1899, which were available for the payment of accounts remaining unpaid for said years 1899 and 1900. On the thirty-first of December, 1901, the relators, appellees, procured an alternative writ of mandamus, commanding the respondent board to hold separate and apart the funds collected from the taxes of 1898 and 1899 for the expenses of the years 1899 and 1900, and to prorate the same and pay out to all credi-

tors for said years, except to said creditor Romero. The appellant board, answering the said. writ, states that it had obeyed the mandate of the said writ, except it denied that the account of said Higinio Romero for the years 1899 and 1900, which had been merged into a judgment in the last quarter of the year 1901, had been withdrawn from said years' indebtedness, and further answering alleged although said account of the said Remero had been merged into a judgment in the last quarter of 1901, it still remained a debit against said county for the years 1899 and 1900 the same as though it had not been merged into a judgment. The amount prorated and set aside for the years 1899 and 1900 by the board for said Romero was $176.55.

The court found in favor of appellees and ordered and directed that the appellant board prorate among the creditors for the years 1899 and 1900, except Higinio Romero, the said $176.55, heretofore set apart by said appellant board, to apply upon the account of said Romero. From this finding and judgment of the court appellants appealed. This brings us to the construction of section 303 of the Compiled Laws of 1897, which reads as follows:

"Sec. 303. In the event any claimant, during any current year should appeal from the board of county commissioners, as now provided for by law, from the amount allowed him by such board, the commissioners, in making their quarterly payments as above provided for, shall estimate and allow such claimant the amount allowed him, and in the event the court should allow such claimant a larger sum than was allowed him by the board of county commissioners the amount so allowed by the court shall be considered and paid as above provided for at the next quarterly settlement after such decision of the court." It would seem that the statute providing in said section that "in the event the court should allow such claimant a larger sum than was al-

lowed him by the board of county commissioners the amount so allowed by the court shall be considered and paid as above provided for at the next quarterly settlement after such decision of the court," would, if standing alone, mean that it should be paid out of the quarterly funds in which the judgment was rendered.    But we must take the statute as a whole, and if such construction is to be given section 303 as we have indicated, what would be the meaning of that portion of section 299, which reads as follows:   "Sec. 299.    From and after the date of the passage of this act, it shall be unlawful for any board of county commissioners  .  .  . · for any purpose whatever to become indebted or contract any debt of any kind or nature whatsoever during any current year, which at the end of such current year is not and cannot then be paid out of the money actually collected and belonging to that current year, and any and all kind of indebtedness for any current year, which is not paid and cannot be paid as above provided for is hereby declared to be null and void, and any officer of any county  .  .  .   who shall issue any certificate or other form of approval of indebtedness separate from the account filed in the first place or *who shall at any time, use the fund belonging to any current year for any other purpose than paying the current expenses of that year,* or who shall violate any of the provisions of this act shall be deemed guilty of a misdemeanor and upon a conviction thereof shall be fined not less than one hundred nor more than one thousand dollars or be confined in the county jail for a period of not more than six months or by both such fine and imprisonment, in the discretion of the court trying the case."

It will readily be observed that section 303 as construed by the lower court, and section 299 are in conflict with each other.    It certainly cannot be contended that the judgment rendered in 1901 for current expenses in the years 1899 and 1900 is a current expense for the

year 1901. The judgment thus rendered is not a new debt nor any portion of the expense of the year 1901. In determining the amount of the recovery of Romero on his judgment, the learned judge in the lower court goes back to the years 1899 and 1900 and finds that he shall recover on his judgment the same pro rata allowed other creditors for said years. If the judgment is a claim against the last quarter of the year 1901 it would be prorated, if not paid in full, for that quarter. Certainly the claims of one year cannot be paid on the basis of a prorata of any other year. It is proper for the court to go behind said judgment rendered for the purpose of showing on what account it was rendered. A. T. & S. F. Ry Co., et al. v. Territory, 72 Pac. (N. M.) 14. We therefore conclude that it can not be contended that the claim allowed by the court was not a part of the current expenses for the years 1899 and 1900. Section 299 provides "who (meaning the county board) shall at any time use the fund belonging to any current year for any other purpose than paying the current expenses of that year, shall be deemed guilty of a misdemeanor, etc." Certainly if the appellant board, had on its own motion used the funds belonging to the current year of 1901 to pay any of the current expenses of the year 1899 or 1900, it would have been in strict violation of said section 299 and would have been guilty of a misdemeanor and subject to punishment of fine and imprisonment or both.

Therefore we conclude that the court by its order directing said appellant board to pay out of the current fund of the year 1901, a claim for current expenses of the years 1899 and 1900 was in violation of the express provision contained in section 299. Section 300 of said Compiled Laws provides as follows: "All fees, salaries and perquisites of the different officers of the several counties  .  .  .  shall be reduced in the event there is an insufficient collection of money with which to pay them as provided by law for their services in any cur-

rent year so that there shall be no violation of the provisions in this act as to incurring indebtedness for any current year over and above the money actually collected for that current year." It will be observed that section 300 provides that if there is not money enough collected from the taxes of any current year to pay the fees, salaries and perquisites of officers for such years that each and every one of these claims shall be reduced in proportion to the insufficiency of the collected taxes of such year. If for a certain year the taxes were insufficient to pay the fees, salaries and perquisites of the different officers of the county, of course they would be prorated and be paid out of the taxes collected for that year. If, however, one of such officers should appeal from a disallowance and his claim should be allowed in the district court and judgment rendered thereon in the following year, and in that year the taxes collected were sufficient to pay all salaries, fees and perquisites, including such judgment, in full, and such judgment were paid in full, it would, in effect, be abrogating the spirit and intent of section 300. The intent of section 300 is that the officers shall receive all the taxes collected to the amount of their fees, salaries and perquisites, and if the taxes are insufficient to pay them, it shall be payment in full for the fees, salaries and perquisites of that year. Section 301 of said Compiled Laws provides; "In the event that there is an insufficient amount of money collected during any current year, with which to pay for the services, fees and salaries of the several officers mentioned in section 300 then and in that event the said officers and all creditors shall receive in full payment of their respective claims each his pro rata share of the money collected, and the payment of said pro rata part shall be made quarterly between all officers and creditors and in the event of an insufficient amount of money to pay in full for any one quarter the officers and creditors remaining unpaid shall not be paid

that amount until the salaries and expenses of the next succeeding quarter or quarters shall have been paid, and in the event all the officers and creditors of any one quarter shall have been paid in full and there remains any money for the current year, the same shall then be distributed prorata among the said officers and creditors." Section 302 provides: "The void indebtedness mentioned in section 299 shall remain valid to the extent and for the sole purpose of receiving any money which may afterwards be collected and belongs to the current year when they were contracted, and the collection thereof, when made, shall be distributed prorata among the creditors, having the void indebtedness, and in the event all of the valid and void indebtedness of any current year are paid in full and there is money for that current year remaining the sum shall be converted into the fund for the next succeeding current year." Were it not for section 302 all claims for fees, salaries and perquisites of any county officer that were not and could not have been paid by the taxes collected at the close of the year when the services were rendered or the fees and perquisites were contracted, would be absolutely void. Section 302 provides that such void indebtedness shall be validated to the extent only of receiving any money which may afterwards be collected from delinquent taxes belonging to the current year when such claim was contracted, and when a collection of such taxes was made that then they shall be distributed pro rata among the creditors having such void indebtedness. It will be observed that section 302 does not provide just when such pro rata payment shall be made, but says, when collections are made such collections shall be distributed pro rata. Therefore, we can safely conclude that after the collection of such delinquent taxes, payments should be made in the manner and form as provided for other payments of like taxes, i. e., as provided in section 301, which would be quarterly. The provision for payment quarterly occurs no-

where except in section 301 prior to its use in section 303, where it is provided, "and in the event the court should allow such claimant a larger sum than was allowed him by the board of county commissioners, the amount so allowed by the court shall be considered and paid as above provided for at the next quarterly settlement after such decision of the court." In the use of the expression, "paid as above provided for," it would necessarily relate back to sections 302 and 301, where it is provided that they shall be paid quarterly, prorating among the several creditors.

For the reasons given we cannot understand how a judgment rendered in one year for fees, salaries or perquisites of an officer for a preceding year can be paid out of any funds except the taxes collected for the current year in which the services were rendered or the fees and perquisites became due.

For the reasons given, judgment of the district court is reversed and the cause dismissed.

Mills, C. J., and Parker, A. J., concur.

Pope, A. J., not having heard the argument, did not participate in this case.