No. 2694. Dec. 24, 1921.)

## CAPITAL CITY BANK V. BOARD OF COM'RS SANTA FE COUNTY.

### SYLLABUS BY THE COURT.

The Bateman Act is no defense to an action to recover judgment on certificates of indebtedness issued by a county in anticipation of the collection of a special tax levy, and payable from the proceeds of that levy, where the levy produced sufficient funds to pay the certificates, but the funds were diverted to other purposes.

Appeal from District Court, Santa Fé County; Holloman, Judge.

Action by the Capital City Bank against the Board of County Commissioners of Santa Fé County. Judgment for plaintiff ,and defendant appeals. Affirmed.

A. M. Edwards, Asst. Dist. Atty., of Santa Fé, for appellant.

E. R. Wright, of Santa Fé, for appellee.

OPINION OF THE COURT.

DAVIS, J.   The complaint in this case is based upon three certificates of indebtedness issued by Santa Fé county, April 4, 1918, each for $500, payable April 4, 1919, with 6 per cent interest.   They were issued under the act entitled "An Act to Provide for the Public Defense," approved May 8, 1917 (Laws 1917 [Ex. Sess.]   c. 5), which authorized counties to levy a special tax of one mill for the years 1917 and 1918 to raise funds for highways and permitted them to anticipate the collection of the tax by the issue and sale of certificates of indebtedness.   The levy of one mill was made by Santa Fé county in 1917, and certificates to the amount of $2,000 were issued and sold in anticipation of its collection.   The certificates contained the recital that they were to be paid out of the proceeds of the collections of the tax levy of one mill on the dollar of the valuation of all property in said county of Santa Fé, subject to taxation for the state and county purposes for the year 1917.   This levy brought into the fund more than sufficient money to pay these certificates, principal and interest, but only one of the certificates was paid.   The balance of the proceeds of the levy was diverted by the county authorities, leaving no funds available for the three remaining certificates, and payment of them was refused by the county upon presentation on the ground of lack of funds.

This action was commenced to recover judgment against the county for principal and interest of the three unpaid certificates.   The county defaulted, and judgment was rendered against it.   This appeal is prosecuted from that default judgment, upon the theory that the complaint did not state a cause of action.

The argument made by appellant is that since the indebtedness was payable from revenues for the

year 1917, and there were no funds available for that year from which to pay these certificates upon presentation, they became void under the terms of the Bateman Act, and payment of them may not be enforced from the revenues of a subsequent year. Counsel for appellant relies upon the case of Optic Publishing Co. v. Board of County Commissioners of San Miguel County, 27 N. M. 371, 202 Pac. 124, recently decided, and previous similar decisions of this court.

The Bateman Act (Code 1915, § 1227 et seq.) has so frequently been before this court that extended consideration of it is unnecessary. The portion claimed to be applicable here provides that no board of county commissioners shall become indebted or contract any debts during any current year which at the end of such year cannot be paid out of money collected and belonging to that year, and that any indebtedness which cannot so be paid shall be null and void, and that if the funds are insufficient to pay creditors in full they are to be prorated among them. Obviously the act applies to the general expenses and indebtedness of the county which is paid from its general funds, the funds in which general creditors share, and which can be prorated among them. The act of 1917, authorizing the one-mill levy, created a special fund for a special purpose. When certificates were issued by the county and sold against the future collection of this levy, the county was obligated to use the proceeds of it for the redemption of the certificates. The moneys when collected constituted in a sense a trust fund to be devoted to that purpose, and to the extent necessary, that purpose only.

No question is raised as to the original validity of the certificates. They were valid when issued. A special fund had been created for their payment. They were payable out of that special fund only.

They were not entitled to share in the general funds of the county for 1917, and general creditors were not entitled to any portion of the proceeds of the levy in anticipation of which they were issued. Certainly the Bateman Act has no application to such a situation. Its purpose, as stated in James v. County Commissioners, 24 N. M. 509, 174 Pac. 1001, is to require counties to live within their incomes, and to keep the expenses in any year within the income for that year. Here it is admitted that the income from the levy out of which these certificates were to be paid was more than sufficient to meet them. The county authorities, in violation of the plain duty to conserve this fund for the payment of these certificates, diverted it to other uses, and then say, when the certificates are presented, that they can not be paid for lack of available funds. Such a contention does not appeal to a sense of justice, and is not sustained by the law. The misapplication of funds collected for the payment of these certificates cannot render them invalid.

The district court included in its judgment an order directing the board of county commissioners to make a sufficient levy upon the taxable property in the county of Santa Fé to pay the judgment. This feature of the judgment is assigned as error on the ground that it is sought thereby to apply revenues for the year 1921 to the payment of an indebtedness accruing in a previous year. For the reasons stated in this opinion we do not consider the order erroneous on this ground. As to the effect of such an order, or as to whether it might be successfully attacked on other grounds, we express no opinion.

The judgment of the district court is therefore affirmed; and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.