325 P.2d 707

Lee McMURTRY, Plaintiff-Appellee,

v.

CITY OF RATON, New Mexico, a Municipal Corporation, Defendant-Appellant.

No. 6352.

Supreme Court of New Mexico.

May 12, 1958.

William H. Darden, Raton, for appellant.

William P. Kearns, Raton, for appellee.

LUJAN, Chief Justice.

This was an action in contract against the City of Raton to recover damages sustained by plaintiff-appellee for partial construction of a municipal swimming pool and failure of the city to make compensation for work performed. From judgment for appellee in the amount of $13,151.36, defendant-appellant, City of Raton, appeals.

During the month of February, 1956, the City of Raton, by its council, determined to construct a swimming pool to replace its former one which had been condemned for public use by the New Mexico Department of Public Health. An engineer was employed to design and prepare specifications for the proposed pool. Appellee was the successful bidder and given a contract providing that he should commence work on written notification, furnish an acceptable bond, and complete the job within 60 days from notification to begin construc-

tion. On advice of certain persons acting in their individual capacity appellee began work immediately without furnishing the bond required and continued operations until May 29, 1956, when he requested partial payment for his work from the appellant and was told there was no money available to pay for his work. The city council had determined to raise some $75,000 for pool construction through sale of revenue bonds, dedicating income from cigarette tax collection for several years to retirement of the bonds. In due course the council met on July 2, 1956, for the purpose of opening bids on the bond issues as advertised, but there were no bidders. Several attempts were subsequently made to raise money through similar bond plans but for various reasons all failed, the city defeating a general obligation bond proposal for pool construction by popular vote. After failing to obtain payment on work completed the contractor brought his action and judgment in his favor was awarded by the court below.

While several issues are raised, as we view the case, the sole question in this case is whether or not § 11–6–6, 1953 Comp., N.M.S.A., is applicable to a claim against a municipality arising out of contract to build a permanent improvement therefor, which contract was not fully performed and where the appellee seeks damages for his expenses and profits to the time of the termination of performances, but where such contract was not provided for in the budget of the municipality, and where the amount of such claim exceeds the amount of current general funds unspent and remaining from the fiscal year of such contract. The question requires an affirmative answer.

The above section provides as follows:

"Bateman Act—Indebtedness of county, municipality, and school district limited to collections for same year—Excess void—Penalty for violation. —After March 12, 1897, it shall be unlawful for any board of county commissioners, *city council. * * * for any purpose whatsoever to become indebted or contract any debts of any kind or nature whatsoever* during any current year which, at the end of such current year, is not and cannot then be paid out of the money actually collected and belonging to that current year, *and any and all kind of indebtedness* for any current year which is not paid and cannot be paid, as above provided for is hereby *declared to be null and void, * * * *"*. (Emphasis is supplied.)

Section 11–6–9, N.M.S.A., 1953 Compilation, further provides:

"Void Indebtedness—Payment for later collections—Disposition of surplus.—The void indebtedness mentioned in section 1227 (11–6–6) shall remain valid to the extent and for the

sole purpose of receiving any money which may afterwards be collected and belongs to the current year when they were contracted, and the collection thereof, when made, shall be distributed pro rata among the creditors having the void indebtedness, and in the event of all the valid and void indebtedness of any current year are paid in full and there is money for the current year remaining, the sum shall be converted into the fund for the next succeeding current year."

The language in the above statutes is plain and unambiguous. This act has been construed by us on numerous occasions. We held it applied to a sheriff's claim for his salary in James v. County Commissioners of Socorro County, 24 N.M. 509, 174 P. 1001, 1002, where we said:

"The purpose of the act was to require counties, cities, towns and school districts to live within the annual income provided for such municipal corporations. It provided that each year should pay its own debts out of the taxes collected for that year, and that if, there was an insufficient amount of money collected during any current year with which to pay for the services, fees, and salaries of the county officers, then said officers and all creditors of the county should receive in full payment of their claims their pro rata shares of the money collected; the pro rata payments to be made quarterly. The act further declared void any indebtedness which could not be paid according to the provisions of the act."

In Santa Fe Water and Light Company v. Santa Fe County, 29 N.M. 538, 224 P. 402, we held the act barred recovery for necessities as lights and water furnished court house, where the current funds for that year had been exhausted. See, also, Campbell v. Village of Green Tree, 59 N. M. 255, 282 P.2d 1108.

The record discloses that on June 30, 1956, the end of the fiscal year there was $1,523.24 in the general fund. Other funds are as follows: Juvenile Recreation Fund $1,013.96; Interest and Sinking Fund $14,-507.00; Fire Fund $6,472.12; Improvement District 15 Fund $3,145.87; and Improvement District 14 Fund $2,367.36. The improvement district funds, as well as the fire fund, interest and sinking funds were all limited funds. It does not appear whether or not funds in the Juvenile Recreation Fund were available for swimming pool purposes. The only money available for the project in issue was from balances in the General Fund and possibly the Juvenile Recreation Fund.

We are of opinion, and so hold, that the act applies in the instant case and that appellee's recovery must be limited to his pro rata share with other creditors of any sums unexpended for the fiscal year ending June 30, 1956, and remaining in the

general fund or subsequently collected and belonging to that current year.

We are not impressed by appellant's argument that § 14-46-2, N.M.S.A.1953 Compilation limiting expenditures to appropriated items, applies in this case. The section makes an exception as follows:

" * * * Provided, however, that nothing herein contained shall prevent the city council or board of trustees from ordering by a two-thirds vote, any improvement, the necessity of which is caused by any casualty or accident, happening after such annual appropriation is made."

The court below found that the urgency of the swimming pool situation had been determined by the city council. The condemnation of the existing pool would not seem to be such a *"casualty or accident"* as to place the above ordered improvement within the exception provided for above.

The judgment appealed from will be affirmed in part and reversed in part and the case remanded to the court below for determination of funds remaining in the general fund and unexpended at the end of the fiscal year in question, or subsequently collected and belonging to that year, and to enter judgment not inconsistent with this opinion.

It is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

SHILLINGLAW, J., not participating.