347 P.2d 168

Lee McMURTRY, Plaintiff-Appellee,

v.

CITY OF RATON, New Mexico, a Municipal Corporation, Defendant-Appellant.

No. 6601.

Supreme Court of New Mexico.

Nov. 25, 1959.

William H. Darden,. Raton, for appellant.

William P. Kearns, Jr., Grants, John B. Wright, Raton, for appellee.

COMPTON, Justice.

This is the second time this case had reached us on appeal. McMurtry v. City of Raton, 64 N.M. 117, 325 P.2d 707. We restate the facts upon which the action is based:

"During the month of February, 1956, the City of Raton, by its council, determined to construct a swimming pool to replace its former one which had been condemned for public use by the New Mexico Department of Public Health. An engineer was employed to design and prepare specifications for the proposed pool. Appellee was the successful bidder and given a contract providing that he should commence work on written notification, furnish an acceptable bond, and complete the job within 60 days from notification to begin construction. On advice of certain persons acting in their individual capacity appellee began work immediately without furnishing the bond required and continued operations until May 29, 1956, when he requested partial payment for his work from the appellant and was told there was no money available to pay for his work. The city council had determined to raise some $75,000 for pool construction through sale of revenue bonds, dedicating income from cigarette tax collection for several years to retirement of the bonds. In due course the council met on July 2, 1956, for the purpose of opening bids on the bond issues as advertised, but there were no bidders. Several attempts were subsequently made to raise money through similar bond plans but for various reasons all failed, the city defeating a general obligation bond proposal for pool construction by popular vote. After failing to obtain payment on work completed the contractor brought

his action and judgment in his favor was awarded by the court below."

In the former case the judgment was for $13,131.36 but we held the judgment was void by reason of the provisions of § 11-6-6, 1953 Comp., commonly referred to as the Bateman Act; nevertheless, we remanded the cause for the further consideration of the trial court.

The mandate states that the cause will be "remanded to the court below for determination of funds remaining in the general fund and unexpended at the end of the fiscal year in question, or subsequently collected and belonging to that year, and to enter judgment."

The applicable statute, § 11-6-9, 1953 Comp., reads:

"Void indebtedness—Payment from later collections—Disposition of surplus.—The void indebtedness mentioned in section 1227 (11-6-6) shall remain valid to the extent and for the sole purpose of receiving any money which may afterwards be collected and belongs to the current year when they were contracted, and the collection thereof, when made, shall be distributed pro rata among the creditors having the void indebtedness, and in the event of all the valid and void indebtedness of any current year are paid in full and there is money for that current year remaining, the sum shall be converted into the fund for the next succeeding current year."

The lower court made the determination as directed and found, findings Nos. 4 and 5, that there were sufficient unexpended funds belonging to the year in question to satisfy the judgment. The findings are:

"4. That as of June 30, 1956, the Raton Public Service Company, a municipally owned utility company, operating under Ordinance No. 358, had retained earnings in the amount of $915,-523.82, and that said sum is more than $300,000.00 in excess of the total outstanding balance of General Obligation Water Bonds of the City of Raton.

"5. That as of June 30, 1956, the Raton Public Service Company had profits for the fiscal year ending June 30, 1956, to be turned over to the City of Raton under Section 13C of Ordinance No. 358, the total sum of $57,-525.52."

The court then concluded that the fund referred to in Finding No. 5 was applicable to the payment of the judgment. Judgment was entered accordingly and the ruling of the court is here for review.

These findings are challenged on the theory the Raton Public Service Company is a separate entity; that the balance had not actually been collected by the City, and that in any event the unexpended balance is required by ordinance to be placed into a

sinking fund account for the retirement of the general obligation water bonds of the City.

■ We are unable to agree with appellant. The Service Company, though having corporate existence, is municipally owned. It owes its existence to Ordinance No. 358 and operates thereunder. The City is the beneficial owner of all its stock which is held by a trustee, and the City, directly or indirectly, controls the activity of the trustee. The mayor and a councilman are among its board of directors. The ordinance provides that the net income from the Service Company shall be paid over to the City. In this situation, it logically follows that the unexpended balance of $57,-525.52 is applicable to the payment of the judgment. It is interesting to note that the retained earnings of the Service Company exceed the City's outstanding water bonds obligations by more than $300,000.

■ The City further complains of the admission into evidence of an annual audit of the Raton Public Service Company for the fiscal year ending June 30, 1956, reflecting the various budgetary balances as listed in the court's findings. We see no error in admitting the audit. The audit is simply an audit of the City itself. The city clerk, as custodian of the records of the City, identified the audit as one authorized by Ordinance No. 358, the same ordinance under which the Service Company

exists. We think this evidence affords a sufficient basis for the admission of the audit in evidence. Jones on Evidence, Civil Cases, 3rd ed. § 574.

In view of our disposition of Finding No. 5 there is more than sufficient money available to pay the judgment in full. Accordingly it is not necessary for us to pass upon other claimed errors raised by the appeal.

The judgment will be affirmed. It is so ordered.

LUJAN, C. J., and McGHEE, CARMODY and MOISE, JJ., concur.