476 P.2d 500

**CITY OF HOBBS et al., Plaintiffs-Appellees,**

**v.**

**STATE of New Mexico ex rel. State Engineer, Steve REYNOLDS, and City of Roswell, Defendants-Appellants.**

**No. 8953.**

Supreme Court of New Mexico.

Nov. 2, 1970.

James A. Maloney, Atty. Gen., F. Harlan Flint, Paul L. Bloom, Special Asst. Attys. Gen., Santa Fe, for State Engineer Steve Reynolds.

Hinkle, Bondurant, Cox & Eaton, John F. Russell, Roswell, for City of Roswell.

Donald D. Hallam, Hobbs, for City of Hobbs.

J. W. Neal, Hobbs, for Town of Tatum.

John N. Sanders, Lovington, for City of Lovington.

L. George Schubert, Hobbs, for City of Eunice.

Finis L. Heidel, Lovington, for Town of Tatum.

Robert W. Ward, Lovington, for individual plaintiffs-appellees John Easley, and others.

Don Maddox, Hobbs, for County of Lea.

### OPINION

SISK, Justice.

On April 20, 1967, the City of Roswell and Mescalero Water Corporation entered into a written contract pertaining to applications which had been filed with the State Engineer to appropriate underground water, which applications were assigned by the original applicant to the City of Roswell on May 20, 1967. Under the contract, Mescalero was to obtain the necessary permits on behalf of and for the benefit of Roswell and, dependent upon the occurrence of various conditions, Roswell agreed to make payments to Mescalero.

Plaintiffs protested the applications, and subsequently filed a declaratory judgment action seeking to determine whether the State Engineer had jurisdiction to adjudicate said applications, by reason of § 75–11–3, N.M.S.A.1953, as amended in 1967.

The trial court's judgment declared that the State Engineer lacked jurisdiction to determine the applications, that the Roswell-Mescalero contract was void as violative of the Bateman Act, § 11–6–6, N.M.S.A.1953, and that Roswell was not the real party in interest in the application before the State Engineer.

Defendants, Roswell and the State Engineer, allege four points for reversal. The first two points pertain to the applicability and the constitutionality of § 75–11–3, supra, as it was amended by § 2 of ch. 308 of the New Mexico Laws of 1967. The critical portion of such amendment provides:

"If objections or protests have been filed within the time prescribed in the notice, or if the state engineer is of the opinion that the permit should not be issued, the state engineer shall notify the applicant of that fact by certified mail sent to the address shown in the application. Unless the applicant files within thirty [30] days after the receipt of notice by certified mail an action for hearing in the district court of the county in which the proposed well or wells have been, or will be located, the state engineer may proceed to deny the permit. Said application shall then be heard and tried as cases originally docketed in the district court, and the state engineer shall be a party thereto. * * *

"The decision of the district court, without jury, shall be binding on the state engineer who shall thereafter act in accordance with such decision unless within sixty [60] days after entry of such decision or judgment an appeal shall be taken."

The quoted portion of the amendment thus permitted the removal of a proceeding for application for use of underground water from the jurisdiction of the State Engineer and the placing of such proceeding within the original jurisdiction of the courts. This court recently held that an almost identical provision of the same act, which pertained to change of location of a water well, was unconstitutional as violative of the separation of powers doctrine of our Constitution. Art. III, § 1, New Mexico Constitution. In that case Fellows v. Shultz, 81 N.M. 496, 469 P.2d 141 (1970), we also held that the unconstitutional statute was not validated by a subsequent constitutional amendment which neither expressly nor impliedly ratified the unconstitutional provisions, nor was the unconstitutional statute passed in anticipation of the subsequent constitutional amendment. We further considered the exact statute raised by this appeal, § 75–11–3, supra, and said:

"The present controversy involves only the amended portion of § 75–11–7, supra.

This section is § 3 of ch. 308 of the New Mexico Laws of 1967. Our reasoning applies equally to all of the amended portion of § 2 of that act (§ 75–11–3, N. M.S.A. 1953, Application for use of underground water—Publication of notice —Permit—Hearing.), except that portion relating to obtaining an acknowledged statement from the landowner. It also applies to the proviso contained in § 1 of the same act (§ 75–2–15, N.M.S.A. 1953, Hearing required before appeal.). The act does contain a severability clause, so the remainder of the act remains unaffected. * * *"

■ We have carefully reconsidered our decision in Fellows v. Shultz, supra, in light of the contentions and arguments of appellees in this case. We remain convinced that our reasoning there was correct and is dispositive of the constitutional questions raised in this case. To elaborate upon and clarify the brief reference to § 75–11–3 contained in Fellows v. Shultz, supra, we hereby hold the above quoted portions of the 1967 amendment to such section to be unconstitutional and void. The remaining portion of such amendment, quoted below, is constitutional and valid:

"* * * If the land upon which the well is proposed to be located is privately owned and the applicant is not the owner of the land or the owner or the lessee of the mineral or oil and gas rights under such land, then the application shall be accompanied by an acknowledged statement executed by the owner of the land on which the well is proposed to be located to the effect that the applicant is granted access across the owner's land to the proposed drilling site and has permission to occupy such portion or portions of the owner's land as is necessary to drill and operate the proposed well; however this provision requiring an acknowledged statement executed by the owner shall not apply to the state of New Mexico or any political subdivision thereof. If such application is approved, the applicant shall cause the permit and statement executed by the owner of the land to be recorded in the office of the county clerk of the county wherein the land is located. No application shall be accepted by the state engineer unless it is accompanied by all the information required by this subsection."

Defendants next contend that the trial court erred in finding and concluding that the Roswell-Mescalero contract was void because it violated the Bateman Act, supra. Defendants are correct because it cannot be determined from the present state of the record whether the contract will ever create any current indebtedness in violation of such act.

The Bateman Act was designed to require municipalities to live within their annual incomes. In re Atchison, T. & S. F. Ry. Co.'s Taxes in Eddy County for 1933, 41 N.M. 9, 63 P.2d 345 (1936); James v. Board of Commissioners, 24 N.M. 509, 174 P. 1001 (1918). Though the contract was executed and approved by the Roswell City Council, no action was taken to finance any obligation nor were any funds budgeted. The nature, status and amount of financial obligation, if and when any actually arises, can only be ascertained if and when the State Engineer approves the applications, and other conditions contemplated by the contract have occurred.

■ If a special fund for a special purpose is created the Bateman Act is not applicable. McMurtry v. City of Raton, 64 N.M. 117, 325 P.2d 707 (1958); Capital City Bank v. Board of Commissioners, 27 N.M. 541, 203 P. 535 (1921). Further, § 14–26–5, N.M.S.A. 1953, permits a municipality by ordinance, which Roswell has not enacted, to obtain, supplement and pay for its water supply and to adopt and enforce water charges sufficient to meet the required payments, and such payments are not general obligations or indebtednesses within the meaning of any constitutional or statutory provisions.

■ The State Engineer has not rendered his determination on numerous issues, including availability of water, im-

pairment of existing rights, and existence of a beneficial use, and there is no assurance in the record that the applications of Roswell will be approved. Only if they are approved will any type of purchase financing be required and only subsequent to such approval could the amount of the obligation be ascertainable, in which event such financing might be accomplished by means which would satisfy the requisites of either §§ 11–6–6 or 14–26–5, supra. It is therefore premature to say the Bateman Act has been violated, and the trial court erred in so deciding. We do not determine here the standing of plaintiffs to challenge the validity of the Roswell-Mescalero contract because any adverse effect on the plaintiff's water rights is at this stage speculative. Only when such rights are fixed by proper administrative proceedings can we determine if plaintiffs do have a real and substantial interest in the subject matter and are parties aggrieved. See Home Fire & Marine Ins. Co. v. Pan American Petroleum Corp., 72 N.M. 163, 381 P.2d 675 (1963), and Padilla v. Franklin, 70 N.M. 243, 372 P.2d 820 (1962).

Lastly, defendants contend that the trial court erred in determining that Roswell was not the real party in interest in the applications before the State Engineer. We must agree. Roswell is the named applicant and the applications seek water for its benefit, but we do not reach this issue. Unless and until the State Engineer approves the applications of Roswell, in whole or in part, in the administrative proceeding pending before him, possible impairment of the rights of plaintiffs remains speculative. For the reasons stated above, the district court's determination of the issue of real party in interest was premature. Appeal to a district court from the ultimate decision of the State Engineer must be taken in the manner provided by §§ 75–11–10 and 75–6–1, N.M.S.A. 1953.

The judgment is reversed and the case is dismissed.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.