This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38986**

**BETENA PRESCOTT, GEORGIA DAVIS, ANNIE HILL, BILLIE NEFF, and PATSY STEINER, on behalf of themselves and others similarly situated,**

       Plaintiffs-Appellants,

v.

**BOARD OF EDUCATION OF ALBUQUERQUE PUBLIC SCHOOLS,**

       Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Youtz & Valdez, P.C.
Shane C. Youtz
Stephen Curtice
James A. Montalbano
Albuquerque, NM

for Appellants

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Arthur D. Melendres
Zachary L. McCormick
Dominic A. Martinez
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Plaintiffs, retirees of Albuquerque Public Schools (APS), appeal the district court's order granting summary judgment in favor of Defendant, the Board of Education of APS. We affirm.

## BACKGROUND

**{2}** Plaintiffs filed a class action complaint against Defendant, alleging that Defendant's termination of life insurance premium subsidy benefits for retirees constituted a breach of contract.[1] Defendant filed a motion for summary judgment arguing, in pertinent part, that the Bateman Act (the Act), NMSA 1978, Section 6-6-11 (1968), rendered any implied-in-fact contract between Plaintiffs and Defendant regarding such subsidy benefits void as a matter of law. Under the Act,

> [i]t is unlawful for any board of county commissioners, municipal governing body or any local school board . . . to become indebted or contract any debts of any kind or nature whatsoever during any current year which, at the end of such current year, is not and cannot then be paid out of the money actually collected and belonging to that current year, and any indebtedness for any current year which is not paid and cannot be paid, as above provided for, is void.

*Id.* The district court initially denied Defendant's motion for summary judgment on the basis that Defendant failed to plead the Act as an affirmative defense. Defendant filed a motion for reconsideration in which it demonstrated that it had, in fact, adequately pled the Act as an affirmative defense, and the district court subsequently granted Defendant's motions for reconsideration and summary judgment.[2] Plaintiffs appeal.

## DISCUSSION

**{3}** Plaintiffs argue that the district court erroneously granted summary judgment, specifically contending that the Act cannot prohibit the type of indebtedness at issue here—that is, subsidies for retirees' life insurance premiums paid during the life of each individual retiree—because the existence of a "contingency fund" available to "offset

---

[1]Plaintiffs' original complaint alleged as well that Defendant's termination of life insurance premium subsidy benefits constituted deprivation of property and unjust enrichment. Defendant filed a motion to dismiss Plaintiffs' complaint in its entirety. The district court granted the motion as to Plaintiffs' unjust enrichment and deprivation of property claims and denied the motion as to Plaintiffs' breach of contract claim. Plaintiffs do not challenge the district court's determinations in this regard on appeal.

[2]In its motion for summary judgment, Defendant raised the additional argument that "the New Mexico [C]onstitution does not permit a school district to become indebted . . . for future salary or retirement benefits." The district court declined to reach Defendant's constitutional argument given its resolution of Defendant's motion by application of the Act. Nonetheless, on appeal Plaintiffs contend that the subsidy benefits at issue do not create a debt as defined, and prohibited, by the New Mexico Constitution. Because we, as did the district court, resolve Plaintiffs' appeal based on application of the Act, we likewise decline to reach the constitutional issues addressed by the parties on appeal. *See Schlieter v. Carlos*, 1989-NMSC-037, ¶ 13, 108 N.M. 507, 775 P.2d 709 ("It is an enduring principle of constitutional jurisprudence that courts will avoid deciding constitutional questions unless required to do so.").

unexpected expenditures" renders the Act inapplicable.[3] Defendant answers that the district court properly granted summary judgment in Defendant's favor, arguing that the Act bars Plaintiffs' breach of contract claim as a matter of law, and Plaintiffs' contentions regarding the "contingency fund" are unavailing because the fund in question was neither created for the purpose of, nor identified as available for, funding the subsidized life insurance premiums of retirees.

**{4}** "We review the district court's grant of summary judgment de novo." *All. Health of Santa Teresa, Inc. v. Nat'l Presto Indus., Inc.*, 2007-NMCA-157, ¶ 7, 143 N.M. 133, 173 P.3d 55. We likewise review issues of law de novo. *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443. "Summary judgment is appropriate where there is no evidence raising a reasonable doubt that a genuine issue of material fact exists." *Beggs v. City of Portales*, 2009-NMSC-023, ¶ 10, 146 N.M. 372, 210 P.3d 798. "An issue of fact is material if the existence (or non[]existence) of the fact is of consequence under the substantive rules of law governing the parties' dispute." *Martin v. Franklin Cap. Corp.*, 2008-NMCA-152, ¶ 6, 145 N.M. 179, 195 P.3d 24 (internal quotation marks omitted).

**{5}** Under these standards, we examine whether Plaintiffs have demonstrated the existence of any specific evidentiary fact that is of consequence under the substantive rules of law governing this appeal. While Plaintiffs do not explicitly frame their assertions regarding the existence of the "contingency" fund as creating a genuine issue of material fact warranting reversal, whether such a fund exists—and, crucially, whether the fund was created for the purpose of, or identified as available for, funding the subsidy benefits—are the only discernible disputed facts in this case that could be of consequence under the Act, which is the substantive law governing this appeal. *See id.* In its order granting Defendant's motion for summary judgment, the district court concluded that Plaintiffs did not raise "a genuine issue of material fact with regard to creation of a special fund in the present matter" and did not "provide . . . authority for the

---

3Plaintiffs set forth several additional arguments that we decline to substantively address. First, Plaintiffs assert that even if the debt created by the subsidy benefits at issue is void under the Act, such debt remains valid and able to be collected under NMSA 1978, Sections 6-6-13 to -15 (1897, as amended through 1968). Plaintiffs, however, fail to articulate how Sections 6-6-13 to -15 would apply to the facts at hand or render the district court's ruling erroneous, and we decline to develop such argument on Plaintiffs' behalf. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)).

Second, to the extent that Plaintiffs rely on out-of-jurisdiction cases to assert that (1) it would be absurd to allow a state to "take cover under its version of [the Act] and annul any multi-year contract that it pleased"; (2) the cost of the subsidy benefits here constitute ordinary expenses rather than debt; and (3) "the creation of a pension fund for retirees does not qualify as indebtedness under [the Act]," we remain unpersuaded. Not only are the cited cases not precedential in New Mexico, Plaintiffs fail to meaningfully analyze such authority or analogize the facts therein to the facts at hand, providing only generalized assertions regarding the applicability of the cited cases to the instant case, and we therefore consider these arguments to be undeveloped and decline to further consider them. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow this Court to evaluate the claim).

proposition that [the Act] could be waived [due to an agreement between the parties]." We must, therefore, determine whether the existence of a general "contingency" fund available to Defendant as argued by Plaintiffs is of consequence under the Act. Further, to the extent Plaintiffs' arguments implicitly challenge the broader applicability of the Act to the subsidy benefits at issue, we examine whether Plaintiffs persuade this Court of error in the district court's conclusions regarding the Act's applicability.[4]

**{6}**     "The purpose of [the Act] is to prevent counties and municipalities from contracting debts that they are not able to pay." *Treloar v. Cnty. of Chaves*, 2001-NMCA-074, ¶ 23, 130 N.M. 794, 32 P.3d 803. Plainly, the Act requires that if a school board, such as Defendant, contracts a debt greater than what can "be paid out of the money actually collected and belonging to that current year," then that debt is void. Section 6-6-11. This Court has previously held that "when a special fund for a purpose is created, [the Act] is not applicable." *Treloar*, 2001-NMCA-074, ¶ 25. Plaintiffs, however, argue that under *Treloar* a fund need not be created or identified as available for the specific purpose of funding a particular future cost in order to render the Act inapplicable to an agreement creating a debt, and there existed a general "contingency" fund that rendered the Act inapplicable. Plaintiffs' reading of *Treloar*, however, goes beyond what that case holds.

**{7}**     In *Treloar*, this Court rejected application of the Act to a county's debt owed to a physician by virtue of the termination of his employment contract, concluding that the debt could have been paid from a fund created from the proceeds of the sale of a hospital in anticipation of the specific need to eventually pay for termination or severance packages. *Id.* ¶¶ 6, 24-25. In contrast, here there is no indication in the record that the "contingency" fund identified by Plaintiffs was similarly created with the intention of funding a specific anticipated need. Indeed, the record contains an affidavit of Tami Coleman, the Chief Financial Officer for APS, in which Ms. Coleman stated that "[t]here has never been a special fund created by APS for payment of . . . Plaintiffs' subsidized life insurance premiums." Following our own thorough review of the record, we remain unpersuaded by Plaintiffs' contention that the "contingency" fund in the instant case functions in the same way as the special fund in *Treloar* to render the Act inapplicable.[5] Because the existence of a general contingency fund has no bearing on the substantive law at issue in this case, such is an immaterial fact and Plaintiffs' assertion thereof does not demonstrate a genuine issue of material fact sufficient to compel our reversal of the district court's grant of summary judgment. *See Martin*, 2008-

---

4While Plaintiffs refer in their briefing to the subsidy benefits as a "pension system," "pension benefits," and a "pension arrangement," we note that the subsidy benefits at issue here are distinct from the statutory pension systems available to those retiring as employees under the Educational Retirement Act, NMSA 1978, § 22-11-1 to -55 (1967, as amended 2022).

5To the extent Plaintiffs assert that *City of Hobbs v. State ex rel. Reynolds*, 1970-NMSC-133, ¶¶ 7-9, 82 N.M. 102, 476 P.2d 500, supports the proposition that the "contingency" fund here could function as an *implied* special fund in order to render the Act inapplicable to incurred municipal debt, we note that our Supreme Court in *Hobbs* explicitly did not rule on the basis of the Act and we decline to extend its holding to the instant case in the manner sought by Plaintiffs.

NMCA-152, ¶ 6. Moreover, Plaintiffs fail to demonstrate that the district court otherwise erred in its conclusions regarding the Act's applicability to the subsidy benefits here.

**CONCLUSION**

**{8}** For the reasons stated above, we affirm.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, JUDGE**

**SHAMMARA H. HENDERSON, JUDGE**